| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | 2221 Camino Del Rio South, Suite 101 |
| ml@kazlg.com | San Diego, CA 92108 |
| 245 Fischer Avenue, Unit D1 | Telephone: (619) 233-7770 |
| Costa Mesa, CA 92626 | Facsimile: (619) 297-1022 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

*Attorneys for Plaintiff,*
Amir Kohandani

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR KOHANDANI,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.; CENTRAL CREDIT SERVICES LLC; FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>I.  **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>III. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>IV. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>V.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. AMIR KOHANDANI ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NAVIENT SOLUTIONS, INC. ("Navient"); CENTRAL CREDIT SERVICES LLC ("CCS"); FINANCIAL ASSET MANAGEMENT SYSTEMS INC. ("FAMS"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and, TRANS UNION LLC ("Trans Union") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**　　　　　　　　　　　　　　　　PAGE 2 OF 17

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and, (iv) California's Identity Theft Act, California Civil Code §§ 1798-92, et seq ("CITA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

///

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant Navient is a company operating from the State of Virginia.

17. Defendant CCS is a limited liability corporation incorporated in the State of Florida and with a principal place of business in the State of Florida.

18. Defendant FAMS is a company operating from the State of Georgia.

19. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

20. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

21. Defendant Experian is a corporation incorporated in the State of Ohio.

22. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

23. Navient is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

24. Plaintiff is informed and believes, and thereon alleges, that Navient; CCS; and, FAMS, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

25. Defendants Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

26. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

27. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

28. Navient; CCS; and, FAMS are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

**FACTUAL ALLEGATIONS RE: NAVIENT AND THE CREDIT BUREAUS**

29. At all times relevant, Plaintiff is an individual residing within the State of California.

30. In or about 2014, an imposter obtained a student loan from Navient in Plaintiff's name without Plaintiff's knowledge and/or consent.

31. Said account was assigned account number ending in 606-1.

32. Thereafter, Navient engaged in collection activity against Plaintiff by reporting Plaintiff's alleged debt to the Credit Bureaus as an outstanding obligation; by sending collection letters and placing collection calls to Plaintiff; and by placing the account with multiple debt collectors, including but not limited to CCS and FAMS.

33. Plaintiff discovered that Navient was reporting the debt to Plaintiff's credit report in early 2016.

34. In response to said collection activity, Plaintiff disputed the alleged debt alleged to be owed to Navient in April 2016.

///

///

///

35. Specifically, Plaintiff disputed the Navient tradeline discussed herein pursuant to 15 U.S.C. § 1681i(a)(2) by written communication sent to the Credit Bureaus via certified mail, and instructed the Credit Bureaus to block the Navient tradeline pursuant to section 605B of the FCRA because the account was created and/or compromised through identity theft.

36. Enclosed with the dispute letters sent to the Credit Bureaus was a copy of a police report Plaintiff filed for her identity theft; an ID Theft affidavit; samples of Plaintiff's signature; Plaintiff's driver's license; and, social security card.

37. Upon information and belief, the Credit Bureaus timely notified Navient of Plaintiff's dispute.

38. The Credit Bureaus were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

39. Navient was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

40. In May 2016, Plaintiff received notification from the Credit Bureaus that Navient and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

41. Despite receipt of this information, Navient continued collection activity with regard to this fraudulent account and has continued to report the alleged debt on Plaintiff's credit report.

42. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading Navient account information to report on Plaintiff's credit reports.

///

43. The Credit Bureaus were required to block the Navient tradeline within four business days from receipt of Plaintiff's identity theft dispute, pursuant to 15 U.S.C. §1681c-2(a).

44. However, not only did the Credit Bureaus fail to block the Navient tradeline within four business days from receipt of Plaintiff's identity theft dispute, the Credit Bureaus have allowed the Navient account to continue reporting as of the date of the filing of this complaint.

45. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

46. Further, the Credit Bureaus should have discovered from their records, including Plaintiff's formal dispute, that the Account being reported by Navient was inaccurate and materially misleading because it suggested that Plaintiff's Account with Navient was legitimate and delinquent, even though the Navient Account was created and/or compromised through identity theft.

47. Accordingly, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

48. Moreover, Navient failed to provide notice of dispute to the Credit Bureaus as required by 15 U.S.C. §1681s-2(a)(3).

49. Upon information and belief, Navient's investigation was unreasonable. More specifically, Navient should have discovered from its records, including Plaintiff's formal dispute, that the information Navient was reporting was inaccurate and materially misleading because it suggested that the Navient Account was legitimate and delinquent, even though the Navient Account was created and/or compromised through identity theft.

50. Accordingly, Navient failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:
   a. Failing to remove all of the disputed and incorrect information, and

b. Failing to notate, as required, Plaintiff's dispute.

51. Navient failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

52. Due to Navient's failure to reasonably investigate, Navient further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

53. By inaccurately reporting account information after notice and confirmation of its errors, Navient failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

54. Through this conduct, Navient has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Navient knew or should known was inaccurate.

55. Plaintiff's continued efforts to correct Navient's and the Credit Bureaus's erroneous and negative reporting of the Navient account by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

56. Navient's and the Credit Bureau's continued inaccurate and negative reporting of the Navient account in light of their knowledge of the actual error were willful.

57. Navient's and the Credit Bureau's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, Navient and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

58. Navient's and the Credit Bureau's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

59. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the Navient tradeline on Plaintiff's credit reports.

60. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score. Moreover, Navient has also failed to report to the bureaus that the Navient account at issue was incurred as the result of identity theft.

61. Through this conduct, Navient violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Navient violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Navient violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Navient violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

65. Through this conduct, Navient violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Navient violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Navient violated Cal. Civ. Code § 1788.17.

67. In addition, Navient's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

68. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety. Despite this knowledge, Navient continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

69. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

70. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**FACTUAL ALLEGATIONS RE: CCS AND FAMS**

71. During the dispute process, Navient transferred the debt to CCS for collection.
///

72. Specifically, CCS, on behalf of Navient, sent Plaintiff collection letters dated January 18, 2016; and, February 5, 2016 attempting to collect the fraudulent debt.

73. By attempting to collect the invalid debt, CCS violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CCS also violated Cal. Civ. Code § 1788.17.

74. Through this conduct, CCS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CCS also violated Cal. Civ. Code § 1788.17.

75. Through this conduct, CCS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CCS also violated Cal. Civ. Code § 1788.17.

76. Through this conduct, CCS violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CCS also violated Cal. Civ. Code § 1788.17.

77. At some point after February 2016, CCS returned the alleged debt to Navient.

78. Thereafter, Navient retained FAMS to collect the alleged debt on behalf of Navient.

79. Upon receipt of these collection attempts, Plaintiff informed FAMS that Plaintiff refused to pay the debt on August 19, 2016.

///

///

80. Despite receipt of this communication, FAMS continued to collect the debt directly from Plaintiff via written communication dated August 26, 2016; and, telephonic communication on August 31, 2016.

81. Through this conduct, FAMS violated 15 U.S.C. § 1692c(c) by collecting the debt from Plaintiff after receipt of Plaintiff's refusal to pay letter. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CCS also violated Cal. Civ. Code § 1788.17.

82. For the reasons discussed above, FAMS collection attempts also violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692f; 1692f(1) as well as Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

**[AGAINST NAVIENT; CCS; AND, FAMS]**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

85. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///
///
///
///

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST NAVIENT; CCS; AND, FAMS]

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

88. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

# COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1681x (FCRA)
### [AGAINST ALL DEFENDANTS]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

91. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

///

///

92. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT III

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST ALL DEFENDANTS]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

95. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

96. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

## COUNT IV

### VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

### CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST NAVIENT ONLY]

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

99. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

///

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of statutory damages of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

///

///

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 12, 2016                                         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF